NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 2, 2008[*]
Decided October 3, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1063

| | |
|---|---|
| DAMON A. MYERS, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> MELISSA ANN GAGEN, <br> *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:07-cv-1589-JDT-TAB <br><br> John Daniel Tinder, <br> *Judge*. |

**O R D E R**

Damon Myers is an Indiana inmate who was convicted of child molesting. Claiming that Melissa Gagen, the prosecutor who tried the case against him, committed misconduct amounting to a constitutional violation, Myers brought a civil-rights complaint against her under 42 U.S.C. § 1983. The district court screened the complaint, *see* 28 U.S.C.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

§ 1915A, and dismissed it for failure to state a claim upon which relief can be granted.  The district court read the complaint to allege that Gagen represented Myers, but the court's confusion is understandable.  In his complaint Myers identifies Gagen only as an "attorney at law" and refers to her as "Attorney Gagen."  The court dismissed based on the rule that a defense lawyer, even if paid by the state, does not act under color of state law unless she conspires with state officials to violate the rights of another.  *See Tower v. Glover*, 467 U.S. 914, 923 (1984); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

On appeal Myers has clarified that Gagen's role was that of prosecutor and not defense counsel, but the clarification does not help his cause.  Although prosecutors act under color of state law, they are absolutely immune from suits under § 1983 challenging conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007).  Because Myers's suit challenges Gagen's conduct at trial—undoubtedly part of the judicial phase of the criminal process—the dismissal of Myers's suit is

AFFIRMED.